IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ALEXANDRIA H. QUINN,            )
                                )
    Plaintiff,                  )
                                )
v.                              )   Case No. 3:14-cv-1033-WKW
                                )
CITY OF TUSKEGEE, ALABAMA;      )
and LEVY KELLY;                 )
                                )
    Defendants.                 )

## VERIFIED COMPLAINT
(Jury Demand)

Plaintiff Alexandria H. Quinn states herein a claim under 42 U.S.C. § 1983 and under state tort law against named Defendants as follows:

1. This is an action to secure protection of civil rights, and to redress deprivation of constitutional rights, including *inter alia* the unreasonable use of force by a police officer, all of which are secured by Fourth, and/or Fourteenth Amendments to the United States Constitution and the Act of Congress known as 42 U.S.C. § 1983.

2. Plaintiff brings claims pursuant to 42 U.S.C. § 1983. Plaintiff brings these claims against the Defendants in their individual capacities.

## PARTIES

3. Plaintiff Alexandria H. Quinn is a 21 year old African American woman, who is a citizen of the United States and of the State of Alabama. At all times relevant, Ms. Quinn resided in the City of Tuskegee and Macon County, Alabama.

4. Defendant Levy Kelly is a 40 year old male African American individual, who is under indictment for multiple counts of statutory rape against Plaintiff and at least one other

victim, and who currently resides in Macon County, Alabama. At all times relevant to this lawsuit, Levy Kelly was a police officer employed by the City of Tuskegee, Alabama.

5. Defendant City of Tuskegee, Alabama, is a municipal corporation that exists in Macon County, Alabama, and was formed and exists under the laws of the State of Alabama.

## STATEMENT OF FACTS

6. In 2005, the City of Tuskegee hired Levy Kelly as a police officer.

7. In November of 2007, officer Levy Kelly met Alexandria Quinn, while on duty working as a police officer for the City of Tuskegee.

8. In November of 2007, Alexandria Quinn was fourteen years old.

9. On the day that Levy Kelly met Alexandria Quinn, Kelly flirted with her and had inappropriate sexual contact with her while wearing his Tuskegee police uniform.

10. On at least one occasion while Alexandria Quinn was 14 years old, Levy Kelly had illegal and inappropriate sexual contact with Alexandria Quinn.

11. The illegal and inappropriate sexual contact described in the previous paragraph occurred while Levy Kelly was in uniform and was working as an on-duty police officer for the City of Tuskegee, Alabama.

12. After the first incident of illegal and inappropriate sexual contact, Levy Kelly continued to call and proposition Alexandria Quinn for sex.

13. In April of 2008 (while Alexandria Quinn was 15 years old), Officer Kelly asked Ms. Quinn to meet him at the Tuskegee Inn, where they engaged in sex.

14. On many other occasions, Officer Kelly asked Alexandria Quinn to meet the old county hospital in his patrol car. While on-duty, dressed in a police uniform, and driving a

2

Tuskegee Police Department patrol car, Levy Kelly had sex with Alexandria Quinn in the patrol car.

15.     On at least fifteen occasions, Officer Levy Kelly met with Ms. Quinn and had illegal sexual intercourse with her while she was fifteen and sixteen years old.

16.     Almost all of the sexual encounters occurred in Levy Kelly's Tuskegee Police Department patrol car during times in which Kelly was in uniform and on-duty as a police officer.

17.     Officer Levy Kelly called Alexandria Quinn from the Tuskegee Police Department, and Kelly received calls from Ms. Quinn at the Tuskegee Police Department.

18.     Officer Levy Kelly would instruct the dispatchers at the Tuskegee Police Department to lie to Ms. Quinn about whether he was working, on occasions when Kelly did not want to see Ms. Quinn.

19.     Other police officers and supervisors at the Tuskegee Police Department knew or should have known that Levy Kelly was sexually involved with Alexandria Quinn and other minor children in the Tuskegee community.

20.     Officers and supervisory personnel within the Tuskegee Police Department, and other City of Tuskegee officials acted with deliberate indifference toward Officer Levy Kelly's inappropriate and illegal sexual relationships with minor children and/or with Alexandria Quinn.

21.     When Alexandria Quinn was 17 years old, Ms. Quinn informed Officer Kelly that she wanted to stop their relationship.

22.     After their relationship ended, Officer Levy Kelly continued to contact and to harass Alexandria Quinn.

23. On or about October 13, 2012, Officer Levy Kelly approached Alexandria Quinn in his patrol car while she was sitting in a parked car, which was a Ford Taurus owned by Alexandria's father.

24. Officer Levy Kelly parked next to Ms. Quinn's car, and Officer Kelly rolled down the window of the patrol car. Without any warning, Officer Kelly sprayed Alexandria Quinn with mace and/or pepper spray through the open passenger side window of the Ford Taurus, drenching Ms. Quinn with the spray.

25. Officer Levy Kelly then removed Alexandria Quinn from her car, handcuffed her, and put Ms. Quinn in the back of his patrol car.

26. Alexandria Quinn told Levy Kelly that, "I can't breathe."

27. Officer Levy Kelly did not wash or wipe off mace from Alexandria Quinn's face.

28. Officer Kelly then told her, "I know that I am going to find weed." Kelly began searching the car that Ms. Quinn was driving without her permission, while she was still suffering from the mace.

29. Officer Kelly allegedly found a bottle of beer in Quinn's car. Officer Kelly then opened the bottle of beer to make it appear that Ms. Quinn was consuming alcohol in the car (which was owned by Ms. Quinn's father) at the time of the incident.

30. Officer Kelly then called other police officers to the scene, and he arrested Ms. Quinn for minor consumption of alcohol.

31. When other officers responded to the scene, Lt. Kendall Locure from the Tuskegee Police Department washed Ms. Quinn's face with a bottle of water. Eventually an ambulance was called because Ms. Quinn was complaining that she could not breathe. An EMT

4

from the ambulance washed Quinn's face with saline water. The ambulance did not take Ms. Quinn to a medical facility.

32. Alexandria Quinn told the other officers at the scene that Officer Levy Kelly had no reason to mace her or to have her in custody. She told them: "I am 105 pounds. It doesn't take mace to restrain me." She also told the other officers that Officer Kelly had "maced" her because of a grudge.

33. Even though Lt. Locure and the other officers knew about Officer Levy Kelly's relationship with Alexandria Quinn, the other officers allowed Officer Kelly to keep Ms. Quinn in his custody.

34. After leaving the scene, Officer Levy Kelly drove around with Alexandria Quinn for approximately 15 minutes in the back seat of his patrol car. Eventually, Officer Kelly took Ms. Quinn to the Tuskegee Police station.

35. From the time that she was sprayed with mace until she was taken into the police station, Ms. Quinn feared that Officer Kelly was going to rape her or otherwise harm her.

36. At the station, Kelly questioned Ms. Quinn for two hours in an interrogation room in order to further harass or intimidate her.

37. Other police officers and supervisory personnel at the Tuskegee Police Department allowed Officer Levy Kelly to continue to detain and interrogate Alexandria Quinn, even though other officers knew that Officer Kelly had a personal relationship with Ms. Quinn.

38. Officer Levy Kelly lacked probable cause or any other legal grounds to stop or detain Alexandria Quinn.

39. Officer Levy Kelly lacked any justification or any other legal grounds to use mace or pepper spray against Alexandria Quinn.

40. Officer Levy Kelly used his position as police officer with the City of Tuskegee in order to attack and humiliate Alexandria Quinn for refusing to continue to have sex with him.

41. On at least one other occasion, Officer Kelly had another officer from the Tuskegee Police Department make direct contact with Ms. Quinn.

42. During their sexual relationship, Alexandria Quinn went to Officer Kelly's residence to talk to him. Officer Kelly had a fiancée, who lived with him. Officer Kelly became upset that Ms. Quinn went to his residence, and he called Officer Wesley McLain to come to his residence. Officer McLain told Ms. Quinn to leave the area and threatened to arrest Ms. Quinn for criminal trespass, if she returned to Officer Kelly's residence.

43. Officer Wesley McLain acted in concert with Officer Levy Kelly in order to hide his sexual misconduct with a minor child from Officer Kelly's fiancée and others in the community.

44. As the result of the previously described wrongful conduct, Plaintiff suffers from emotional distress, PTSD, depression, and other psychological conditions related to Defendants' conduct as described hereinabove.

45. Plaintiff has had to seek and pay for medical and/or psychological treatment which is proximately related to the incidents described herein above.

46. As the result of the previously described wrongful conduct, Plaintiff has suffered mental anguish, pain and suffering, and has incurred medical and/or psychological bills.

## COUNT I - 42 USC § 1983

47. Plaintiff re-alleges and incorporates herein the previous allegations of this Verified Complaint.

48. Defendants have wrongfully and unlawfully deprived Plaintiff of her rights, privileges, or immunities secured by the United States Constitution, the Constitution of Alabama of 1901, federal law, and/or state law.

49. Defendants were acting under color of State law at all times relevant thereto.

50. Plaintiff has suffered damages as described herein above as the proximate result of Defendants' violations of her Constitutional Rights guaranteed to her by the Fourth, and/or Fourteenth Amendment to the United States Constitution (and/or the rights or privileges otherwise guaranteed to her by Federal law), the deprivation of which is actionable pursuant to 42 U.S.C. § 1983.

51. Plaintiff has suffered damages as described herein above as the result of Defendant Levy Kelly's use of his position as a police officer for the City of Tuskegee to deprive Plaintiff of her constitutional rights as described hereinabove and/or the failure of the City of Tuskegee (and/or the failure of officials and other officers of City of Tuskegee) to intervene to stop or remedy the constitutional deprivations, which are actionable pursuant to 42 U.S.C. § 1983.

52. Plaintiff has suffered damages as described herein above as the result of Defendants' deprivations of Plaintiff's constitutional rights.

53. Defendants acted with deliberate indifference toward the Constitutional rights of Plaintiff in committing the above described wrongful acts and/or in creating or condoning practices, policies, or customs that resulted in the above described wrongful conduct thereby

7

depriving Plaintiff of her Constitutional rights, the deprivation of which is actionable pursuant to 42 U.S.C. § 1983.

54. Plaintiff seeks an award of attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff demands the following relief against Defendants:

(a) Compensatory Damages;

(b) Punitive Damages; and

(c) Attorney's Fees.

## COUNT II – ASSAULT AND BATTERY, FALSE ARREST AND/OR FALSE IMPRISONMENT

55. Plaintiff re-alleges and incorporates herein the previous allegations of her Verified Complaint.

56. Defendant Levy Kelly committed assault and battery upon Plaintiff by engaging in illegal and inappropriate sexual contact with Plaintiff.

57. Due to her age, Plaintiff could not consent to engage in sexual conduct with Defendant Levy Kelly.

58. In addition, Defendant Levy Kelly committed assault and battery upon Plaintiff by spraying mace and/or pepper spray in the face of Plaintiff as hereinabove described.

59. Defendant Levy Kelly's conduct was unwelcome, highly offensive, and physically damaging to Plaintiff and placed her in apprehension that she would be more physically harmed and possibly killed.

60. Defendant Levy Kelly falsely arrested and/or falsely imprisoned Alexandria Quinn.

61. Defendant Levy Kelly lacked probable cause and/or any other legal basis for detaining, arresting, and/or imprisoning Plaintiff.

62. Defendant Levy Kelly detained, arrested, and/or imprisoned Plaintiff due to his personal grudge or malice against Plaintiff as described hereinabove.

63. Defendant Levy Kelly acted intentionally and with malice toward Plaintiff.

64. In addition, Defendant City of Tuskegee is responsible pursuant to doctrine of respondeat superior for the tortious and/or wrongful conduct of officer Levy Kelly.

65. Plaintiff has suffered damages as described herein above as the proximate result of Defendants' wrongful conduct.

WHEREFORE, Plaintiff demands the following relief against Defendants:

(a) Compensatory Damages; and

(b) Punitive Damages;

### COUNT III – NEGLIGENT AND WANTON HIRING AND SUPERVISION

66. Plaintiff re-alleges and incorporates herein the previous allegations of her Verified Complaint.

67. Defendant Levy Kelly had a history of wrongful conduct while acting as a police officer for other jurisdictions prior to coming to work for the City of Tuskegee.

68. Defendant City of Tuskegee negligently and/or wantonly failed to properly screen, or investigate Levy Kelly before hiring Kelly to act as a police officer for the Tuskegee Police Department.

69. Defendant City of Tuskegee negligently and/or wantonly hired Levy Kelly to act as a police officer for the Tuskegee Police Department.

70. Defendant City of Tuskegee negligently and/or wantonly failed to supervise and/or train Levy Kelly.

71. Defendant City of Tuskegee negligently and/or wantonly allowed Levy Kelly to repeatedly engage in illegal and inappropriate sexual conduct with Plaintiff and other minor children while working in uniform and on-duty as a police officer for Tuskegee Police Department.

72. Defendant City of Tuskegee negligently and/or wantonly allowed Levy Kelly to repeatedly use his patrol car as a place in which to engage in illegal and inappropriate sexual conduct with Plaintiff and other minor children while working in uniform and on-duty as a police officer for Tuskegee Police Department.

73. Defendant City of Tuskegee negligently and/or wantonly supervised and trained other officers and supervisory personnel in the Tuskegee Police Department who facilitated and/or turned a blind eye to officer Levy Kelly's illegal and inappropriate sexual conduct with Plaintiff and other minor children.

74. Defendant City of Tuskegee negligently and/or wantonly supervised and trained other officers and supervisory personnel in the Tuskegee Police Department who acted with deliberate indifference toward the safety, wellbeing, and constitutional rights of Plaintiff.

75. In addition, Defendant City of Tuskegee are responsible pursuant to doctrine of respondeat superior for the negligence, wanton, and willful wrongful conduct of officer Levy Kelly and other officers and supervisory personnel of the Tuskegee Police Department.

76. As a proximate result of the negligence, wantonness, and/or willful conduct of Defendants, Plaintiff has suffered damages and/or harm as described hereinabove.

WHEREFORE, Plaintiff demands the following relief against Defendants:

(a) Compensatory Damages; and

(b) Punitive Damages.

## JURY DEMAND

Plaintiff Alexandria H. Quinn respectfully demands that this lawsuit be tried by a jury.

_____
Raymond L. Jackson, Jr.
Attorney for Plaintiff Alexandria H. Quinn

## VERIFICATION

Dated: September 23, 2014

_____
ALEXANDRIA H. QUINN

## NOTARY STATEMENT

STATE OF ALABAMA  )
                  )
LEE COUNTY        )

     Before me, the undersigned, a Notary Public, appeared **ALEXANDRIA H. QUINN**, who being by me first duly sworn, deposed and said on oath that she has read the foregoing VERIFIED COMPLAINT, that the statements contained therein are true and correct, and that she executed the same voluntarily of her own free will.

     WITNESS my hand and official seal of office this the 23rd day of SEPTEMBER 2014.

_____
NOTARY PUBLIC
My Commission Expires: 3 / 7 /2018

Respectfully submitted this the 23 day of SEPTEMBER, 2014.

_____
Raymond L. Jackson, Jr. (ASB-2805-C65R)
Attorney for Plaintiff Alexandria H. Quinn

OF COUNSEL:
**SPEAKMAN & JACKSON, P.C.**
P.O. Box 3575
Auburn, Alabama 36831-3575
(334) 821-0091
(334) 821-0508 (FAX)
RJackson@AuburnAttorney.com