UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALEXANDRIA H. QUINN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO.: 3:14-CV-1033-ALB |
| | ) |
| CITY OF TUSKEGEE, | ) |
| ALABAMA, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER ON PRETRIAL HEARING

A pretrial conference was held in this case on April 9, 2020, wherein the following actions were taken:

1. TRIAL SETTING

   This case is set for trial at 10:00 AM on June 1, 2020 at the United States Courthouse in Opelika, Alabama.

2. COUNSEL APPEARING AT PRETRIAL HEARING

   The following counsel appeared at the pretrial conference:

   Algert Agricola, Jr. and Barbara Agricola for Plaintiff.

   Milton Davis and Rick Howard for Defendant, City of Tuskegee, Alabama.

3. TRIAL BRIEFS

   The parties are not required to file trial briefs, but if they wish to do so, their trial briefs shall be filed no later than **7 days before trial.**

4. <u>EXHIBITS AT TRIAL</u>

The parties shall bring a flash drive with electronic copies of their exhibits for the court's use at trial.  Each exhibit shall be numbered in a way that corresponds to the number on the party's exhibit list. The parties may share a flash drive or bring separate flash drives.

5. <u>MOTIONS IN LIMINE</u>

The parties shall file any motions in limine, fully briefed, together with citations of law thereon, on or before **28 days before trial**. Objections to motions in limine, fully briefed, must be filed on or before **21 days before trial**.

6. <u>VOIRE DIRE, JURY INSTRUCTIONS, AND ANY SPECIAL VERDICT FORM</u>

By **7 days before trial**, the parties shall file any questions they want the court to ask of the jury venire.  Trial counsel are directed to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their voir dire questions.

By **7 days before trial**, the parties shall file a single, joint proposed jury charge, including all necessary instructions, or definitions applicable to the specific issues of the case.  The parties may submit, but need not submit, standard generic instructions regarding routine matters; e.g., burden of proof, credibility of witnesses, duty of jurors, etc.

    a.    In joint, proposed jury materials, counsel are to include all necessary instructions or definitions, specifically including (1) the prima facie elements of each cause of action and defense asserted; (2) legal definitions required by the jury; (3) items of damages; and (4) methods of calculation of damages.  Counsel are to use the 11th Circuit Pattern Jury Instructions, or appropriate state pattern jury

2

instructions, as modified by case law or statutory amendments, wherever possible. Any deviations must be identified and accompanied with legal authorities for the proposed deviation.

b. Even if the parties, in good faith, cannot agree on all instructions, definitions or questions, the parties should nonetheless submit a single, unified charge. Each disputed instruction, definition, or question should be set out in bold type, underline or italics and identified as disputed. Each disputed item should be labeled to show which party is requesting the disputed language. For example, bold font could be used to signify that Plaintiff proposes and Defendant objects, italics that Defendant proposes and Plaintiff objects, etc. Accompanying each instruction that deviates from pattern charges shall be all authority or related materials upon which each party relies. The parties shall also submit a copy as an e-mail submission to propord_brasher@almd.uscourts.gov as a Microsoft Word document.

c. If the verdict form will include special interrogatories for the jury to answer, counsel shall include such special interrogatories with their proposed jury instructions.

**DONE** and **ORDERED** this the 9th day of April, 2020.

                                             /s/ Andrew L. Brasher
                                             ANDREW L. BRASHER
                                             UNITED STATES DISTRICT JUDGE