IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALEXANDRIA H. QUINN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:14-CV-1033-ALB |
| | ) |
| CITY OF TUSKEGEE, ALABAMA, | ) |
| and LEVY KELLY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes to the Court on Defendant City of Tuskegee's Motion to Continue Trial (Doc. 130). It is due to be and hereby is **DENIED**.

This case has been pending for approximately six years. It has been set for trial on June 1, 2020 since April of 2019. It involves allegations that the City of Tuskegee violated the plaintiff's civil rights by allowing a police officer to carry on a sexual relationship with her while she was a minor and by failing to protect her from retaliation after she ended the relationship.

The Court held a pre-trial conference several weeks ago. The parties and the Court discussed the novel coronavirus and the cancellation of April and May jury trials. But the Court told the parties that this June trial would continue as planned unless they received further notice from the Court.

The City now requests that the Court continue the trial "until the fall of 2020, at the earliest" because of the novel coronavirus or "COVID-19."

The City moves to continue trial for four reasons. First, the City argues that one of its lawyers is over 70-years-old and "does not believe it is safe or wise for him personally to attend the trial." Second, the City cites to the State of Alabama's "Safer at Home Order," which expires on May 15, 2020. It encourages people to maintain social distancing. Third, the City is concerned that potential jurors will refuse to participate in the trial, such that a representative jury cannot be seated. Fourth, the City speculates that requiring or allowing witnesses and jurors to wear masks for safety reasons will negatively impact the trial.

These arguments fail to persuade the Court to continue the trial. Absent special circumstances, the novel coronavirus is not a reason to continue in-person court proceedings in June. The novel coronavirus is not going away any time soon. Best estimates are that people will continue to be infected with the virus for one or two years until a vaccine is developed. Meanwhile, necessary in-person court proceedings will resume this summer by implementing the same types of safety precautions that have been implemented in all other walks of life—masks, gloves, physical distancing, limiting gatherings to fewer people, etc. The Governor of Alabama has allowed offices to open, churches to meet, restaurants to provide in-room dining, and barbershops to cut hair again. The parties have a constitutional

right to a jury trial, which they have demanded in their pleadings, and the courts are open to vindicate that right this summer.

The City's other arguments are little more than a plea that this trial be continued indefinitely until a vaccine is developed for the coronavirus. First, although it is perfectly understandable that one of the City's lawyers no longer wants to participate in trials because of his advanced age, the Court cannot continue a trial indefinitely until an individual lawyer feels comfortable attending. Whether this lawyer should attend the trial is a question for him and his client, not the Court. Second, the City may be correct that requiring and/or allowing the use of face-coverings will affect the trial, but that issue cannot be resolved by a continuance. Any problem with masks or other face-coverings will be addressed in court during trial. Third, it may be difficult to seat a jury because of coronavirus, as the City predicts in its motion. But, again, that problem will not become ripe—if at all—until prospective jurors return their questionnaires or fail to appear on the day of jury selection. Any concerns about the representative nature of the jury will be addressed at that time.

The motion (Doc. 130) is **DENIED**. Trial is set for June 1, 2020.

**DONE** this 11th day of May 2020.

                                  /s/ Andrew L. Brasher
                              ANDREW L. BRASHER
                              UNITED STATES DISTRICT JUDGE