**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ALEXANDRIA H. QUINN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:14-cv-1033-ALB** |
| | ) | |
| **CITY OF TUSKEGEE,** | ) | |
| **ALABAMA; LEVY KELLY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## JOINT SUBMISSION OF PROPOSED JURY INSTRUCTIONS

Come Now Plaintiff Alexandria H. Quinn, by and through her counsel of record, Algert S. Agricola, Jr. and Barbara H. Agricola of Agricola Law, LLC, and Defendant City of Tuskegee, Alabama, by and through its counsel of record, Milton C. Davis and Rick Howard, and, pursuant to this Court's Order on PreTrial Hearing [Doc. 119], jointly submit their proposed jury instructions. Where the parties disagree on specific instructions, Plaintiff's proposed instructions to which Defendant objects are shown in **bold** typeface, Defendant's proposed instruction to which Plaintiff objects are shown in *italics* typeface. Headings and numerical designations are from the 11th Circuit Pattern Jury Instructions most recent revision unless otherwise indicated.

The Parties reserve the right to make changes to these instructions based on trial testimony.

Respectfully submitted this 26th day of May, 2020.

/s/ *Algert S. Agricola, Jr.*

/s/ *Barbara H. Agricola*
Attorneys for Plaintiff Alexandria Quinn

/s/ *Rick Howard*

/s/ *April McKay*

/s/ *Milton C. Davis*
Attorneys for City of Tuskegee

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

### 2.1 Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

### 2.2 Use of Depositions

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

## 2.5 Judicial Notice

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

## 2.6 Use of Interrogatories

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

3

**2.7 In-Trial Instructions on News Coverage**

Reports about this trial [or about this incident] may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

**3.1 Introduction**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CASE NO. 3:14-CV-1033-ALB

ALEXANDRIA H. QUINN,

Plaintiff,

vs.

THE CITY OF TUSKEGEE, ALABAMA;
LEVY KELLY,

Defendants.

_____/

### COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

### 3.2.3 The Duty to Follow Instructions – Government Entity or Agency Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only

5

through people as its employees; and, in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

### 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

### 3.4 Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

### 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### 3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff Alexandria Quinn to prove every essential part of her claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

### 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### 3.9 Election of Foreperson Explanation of Verdict Form[s]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

### 5.4

### Civil Rights – 42 U.S.C. § 1983 Claims – Fourth or Fourteenth Amendment Claim – Private Person or Pretrial Detainee Alleging Excessive Force

In this case, Plaintiff Alexandria Quinn claims that Defendant Levy Kelly, while acting under color of law, intentionally committed acts that violated Plaintiff Alexandria Quinn's constitutional right to be free from the use of excessive or unreasonable force during an arrest and her constitutional

right to be free from sexual assault by a law enforcement officer.

Under the Fourth Amendment to the United States Constitution, every person has the right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer—even though the arrest is otherwise made in accordance with the law. Under the Fourteenth Amendment to the United States Constitution, every person has the right to be free from sexual assault by a law enforcement officer.

**I instruct you that the Court has found that Defendant Levy Kelly violated Plaintiff Alexandria Quinn's constitutional rights.**

**DEFENDANT'S REASON FOR OBJECTION: This is an issue for trial.**

## 5.10
## Civil Rights – 42 U.S.C. § 1983 Claims – Government Entity Liability
### (Incorporate into Instructions for Claims against Individual Defendants)

Plaintiff Alexandria Quinn claims that Defendant the City of Tuskegee, which employed Defendant Levy Kelly, is liable for violating Plaintiff Alexandria Quinn's constitutional rights.

Defendant the City of Tuskegee is not liable for violating Plaintiff Alexandria Quinn's constitutional rights simply because it employed Defendant Levy Kelly. Rather, Defendant the City of Tuskegee is liable if Plaintiff Alexandria Quinn proves that an official policy or custom of Defendant the

City of Tuskegee directly caused her injuries. Put another way, Defendant the City of Tuskegee is liable if its official policy or custom was the moving force behind Plaintiff Alexandria Quinn's injuries.

An "official policy or custom" means:

(a)     A decision made  by Defendant the City of Tuskegee's policy-maker; or

(b)     A practice or course of conduct that is so widespread that it has acquired the force of law—even if the practice has not been formally approved.

You may find that an "official policy or custom" existed if there was  a  practice  that was so persistent, widespread, or repetitious that the Defendant the City of Tuskegee's policy-maker either knew of it or should have known of it.

**Former Tuskegee Police Chief Lester Patrick is the Defendant the City of Tuskegee's "policy-maker."**

**DEFENDANT'S REASON FOR OBJECTION: Al Davis was the ultimate decisionmaker as to Kelly.**

**5.11**
**Civil Rights – 42 U.S.C. § 1983 Claims – Government Entity Liability for Failure to Train or Supervise (Incorporate into Instructions for Claims against Individual Defendants)**

13

Plaintiff Alexandria Quinn claims that Defendant the City of Tuskegee is liable for failing to adequately train and supervise its officer and that this failure caused Defendant Levy Kelly to violate Plaintiff Alexandria Quinn's Fourteenth Amendment right to bodily integrity and her Fourth Amendment right to be free from excessive force.

To succeed on this claim, Plaintiff Alexandria Quinn must prove each of the following facts by a preponderance of the evidence:

First: That Defendant Levy Kelly violated Plaintiff Alexandria Quinn's Fourteenth Amendment right to bodily integrity and her Fourth Amendment right to be free from excessive force; **I instruct you that the Court has found that Defendant Levy Kelly violated Plaintiff's constitutional rights in that he used excessive force.**

**DEFENDANT'S REASON FOR OBJECTION: This is an issue for trial.**

Second: That Defendant Levy Kelly was not adequately trained or supervised in appropriate relationships with minor females and the use of non-deadly force;

Third: That former **Chief of Police Lester Patrick** knew based

on at least one earlier instance of unconstitutional conduct materially similar to Defendant Levy Kelly's violation of Plaintiff Alexandria Quinn's constitutional rights that additional training and/or supervision was needed to avoid violation of Plaintiff Alexandria Quinn's Fourteenth Amendment right to bodily integrity and her Fourth Amendment right to be free from excessive force likely recurring in the future; and

**DEFENDANT'S REASON FOR OBJECTION: Al Davis was the ultimate decisionmaker as to Kelly.**

Fourth:     That former **Chief of Police Lester Patrick** made a deliberate choice not to provide additional training and/or supervision to Defendant Levy Kelly.

**DEFENDANT'S REASON FOR OBJECTION: Al Davis was the ultimate decisionmaker as to Kelly.**

### 5.13
### Civil Rights – 42 U.S.C. § 1983 Claims – Damages

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Plaintiff Alexandria Quinn's damages—no more, no less. You must not impose or

increase these compensatory damages to punish or penalize Defendant Levy Kelly or Defendant the City of Tuskegee. And you must not base these compensatory damages on speculation or guesswork. But compensatory damages are not restricted to actual loss of money—they also cover the physical aspects of the injury. Plaintiff Alexandria Quinn does not have to introduce evidence of a monetary value for intangible things like physical pain. You must determine what amount will fairly compensate her for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that Plaintiff Alexandria Quinn has proved them by a preponderance of the evidence, and no others:

(a)     Plaintiff Alexandria Quinn's physical injuries, including ill health, physical pain and suffering, and discomfort, including such physical harm that Plaintiff Alexandria Quinn is reasonably certain to experience in the future; and

(b)     Plaintiff Alexandria Quinn's mental and emotional distress, impairment of reputation, and personal humiliation, including such mental or emotional harm that Plaintiff Alexandria Quinn is reasonably certain to experience in the future.

16

## **DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

*CITY OF TUSKEGEE'S PROPOSED JURY INSTRUCTION NO. 1*

*A municipality "may not be held liable for constitutional deprivations on the theory of respondeat superior." Rather, a § 1983 plaintiff must both identify conduct attributable to the municipality and show that it "was taken with the requisite degree of culpability, i.e., that the municipal action was taken with deliberate indifference to its known or obvious consequences." Simply stated, "to prevail on a § 1983 claim against a local government entity, a plaintiff must prove both that her harm was caused by a constitutional violation and that the government entity is responsible for that violation." The government as an entity is responsible under § 1983 only when execution of its "policy or custom" inflicts the injury. While it is reasonable for city policymakers to assume their employees possess common sense not to engage in unlawful sexual conduct with minors, where there is a history of conduct rendering this assumption untenable, city policymakers may display deliberate indifference by doing so.*

*The plaintiff must present evidence to you to show that a City official was on actual notice that such behavior was occurring and failed to stop it, or that further training, discipline or instructions were necessary to prevent Tuskegee police officers from having sexual contact with minors in the community they served.*

*If the plaintiff fails to present evidence that the City, through its decisionmaker, was actually aware of the conduct while it was ongoing, plaintiff has failed to meet her burden and you must find for the City on the § 1983 claim.*

Doe v. City of Demopolis, *799 F. Supp. 2d 1300, 1313-16 (S.D. Ala. 2011),* aff'd sub nom. Doe ex rel. Doe v. City of Demopolis, *461 F. App'x 915 (11th Cir. 2012).*

_____GIVEN _____REFUSED

17

**PLAINTIFF'S REASON FOR OBJECTION:  This instruction is duplicative and makes the issues more complicated for the jury. Further, this instruction is adequately covered by the 11th Circuit Pattern Jury Instruction 5.10 on Governmental Entity Liability under Section 1983.**

CITY OF TUSKEGEE'S PROPOSED JURY INSTRUCTION NO. 2

**5.11**
**Civil Rights – 42 U.S.C. § 1983 Claims – Government Entity Liability for Failure to Train or Supervise**

Alexandria Quinn claims that the City of Tuskegee is liable for failing to adequately train or supervise its officer and that this failure caused Levy Kelly to violate Alexandria Quinn's Fourteenth Amendment substantive due process right to bodily integrity and the Fourth Amendment right to be free from excessive force.

To succeed on this claim, Alexandria Quinn must prove each of the following facts by a preponderance of the evidence:

First:    That Levy Kelly violated Alexandria Quinn's Fourteenth Amendment substantive due process right to bodily integrity and Fourth Amendment right to be free from excessive force; **I instruct you that the Court has found that Defendant Levy Kelly violated Plaintiff's constitutional rights in that he used excessive force.**

Second:  That Levy Kelly was not adequately trained or supervised in Fourteenth Amendment substantive due process right to bodily integrity and Fourth Amendment right to be free from excessive force;

Third:    That *Al Davis,* official policy maker for the City of Tuskegee, knew based on at least one earlier instance of unconstitutional conduct materially similar to Levy Kelly's violation of Alexandria Quinn's constitutional rights that additional training or supervision was needed to avoid violation of Alexandria Quinn's Fourteenth Amendment substantive due process right to bodily integrity

and Fourth Amendment right to be free from excessive force likely recurring in the future; and

    Fourth:    That *Al Davis* made a deliberate choice not to adequately train or supervise Levy Kelly.


_____GIVEN_____REFUSED


**PLAINTIFF'S REASON FOR OBJECTION:  While Al Davis, as City Manager, had final authority to hire or fire Levy Kelly, matters involving internal investigation of police misconduct, discipline within the police department, and compliance generally with the Code of Conduct for the Tuskegee Police Department were specifically delegated to the Tuskegee Chief of Police by Resolution 88-12, adopted by the City Council of the City of Tuskegee on December 8, 1987.  Thus, Lester Patrick, as Chief of Police, was the official policy maker for the City of Tuskegee in matters related to the Tuskegee Police Department Code of Conduct. Additionally, Plaintiff has also included 5.11 as an instruction so it does not need to be given more than once.**


    CITY OF TUSKEGEE'S PROPOSED JURY INSTRUCTION NO. 3

    *"Deliberate indifference is not the same thing as negligence or carelessness. See Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). On the contrary, the Supreme Court has made clear that a state official acts with deliberate indifference only when he disregards a risk of harm of which he is actually aware. Farmer v. Brennan, 511 U.S. 825, 836, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (to be deliberately indifferent a state 'official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference') (emphasis added). ...*

    In order to establish deliberate indifference, plaintiff must be able to [establish] that the defendant (1) was objectively aware of a risk of serious

harm; (2) recklessly disregarded the risk of harm; and (3) this conduct was more than merely negligent. *McElligott v. Foley,* 182 F.3d 1248, 1255 (11th Cir.1999)."

Ex parte Madison Cty. Bd. of Educ., 1 So. 3d 980, 990–91 (Ala. 2008)

_____GIVEN_____REFUSED

**PLAINTIFF'S REASON FOR OBJECTION:   The paragraph of this instruction to which objection is made is adequately covered in the 11th Circuit Pattern Instruction on Governmental Entity Liability under Section 1983, instruction 5.10.   Further, the instruction introduces negligence and carelessness to the jury which could create confusion.**

CITY OF TUSKEGEE'S PROPOSED JURY INSTRUCTION NO. 4

**5.4**
**Civil Rights – 42 U.S.C. § 1983 Claims – Fourth or Fourteenth Amendment Claim – Private Person or Pretrial detainee Alleging Excessive Force**

*A government official acts "under color" of law when acting within the limits of lawful authority. He also acts under color of law when he claims to be performing an official duty but his actions are outside the limits of lawful authority and abusive in manner, or he acts in a way that misuses his power and is able to do so only because he is an official.*

_____GIVEN_____REFUSED

**PLAINTIFF'S REASON FOR OBJECTION:  The Court has held that Kelly acted under color of law when it rejected the City's argument that Kelly did not act under color of law.  [Doc. 109, at 9-11].**

CITY OF TUSKEGEE'S PROPOSED JURY INSTRUCTION NO. 5

APPENDIX B
CIVIL RIGHTS – SPECIAL INTERROGATORIES – 42
U.S.C. § 1983 CLAIMS –
MODIFIED FOR DELIBERATE INDIFFERENCE

SPECIAL INTERROGATORIES TO THE JURY

Do you find from a preponderance of the evidence:

*1.     That Levy Kelly intentionally committed acts that violated Alexandria Quinn's Fourteenth Amendment substantive due process right to bodily integrity?*

*Answer Yes or No _____*

*If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.*

*2.     That Kelly intentionally committed acts that violated Quinn's Fourth Amendment right to be free from excessive force?*

*Answer Yes or No _____*

21

*If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.*

*3.      That Levy Kelly's actions were under color of state law?*

*Answer Yes or No _____*

*If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.*

**PLAINTIFF'S REASON FOR OBJECTION:   The first three interrogatories allow the jury to decide whether Levy Kelly violated Plaintiff's constitutional rights.  The Court has already decided these issues against Kelly. [Doc. 135].  Further, the Court rejected the City's argument that Kelly did not act under color of law.  [Doc. 109, at 9-11].**

4.      That the decision maker for the City of Tuskegee acted deliberately indifferent?

Answer Yes or No _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

*5.      That the City of Tuskegee had a policy or custom that was so widespread that it acquired the force of law?*

22

*Answer Yes or No* _____

**PLAINTIFF'S REASON FOR OBJECTION:  This interrogatory is answered in the previous interrogatory 4. If this interrogatory remains, the jury could answer yes to 4 and no to 5, which would be contradictory.**

*If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.*

6.      That the City of Tuskegee's conduct caused Alexandria Quinn's injuries?

Answer Yes or No _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

7.      That Alexandria Quinn should be awarded compensatory damages against the City of Tuskegee?

*Answer Yes or No* _____

**PLAINTIFF'S REASON FOR OBJECTION: If the jury answers "yes" to the previous interrogatories, then the only question should be what is the amount of damages.**

If your answer is "Yes," in what amount? $_____

SO SAY WE ALL.

_____
Foreperson

CITY OF TUSKEGEE'S PROPOSED JURY INSTRUCTION NO. 6

*In Dixon v. State, 588 So. 2d 903, 906 (Ala. 1991) the Supreme Court of Alabama defined probable cause to arrest as follows:*

*"Probable cause exists if facts and circumstances known to the arresting officer are sufficient to warrant a person of reasonable caution to believe that the suspect has committed a crime. United States v. Rollins, 699 F.2d 530 (11th Cir.) cert. denied, 464 U.S. 933, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983). 'In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act....' Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879, 1891 (1949). 'The substance of all the definitions of probable cause is a reasonable ground for belief of guilt.' Id. 'Probable cause to arrest is measured against an objective standard and, if the standard is met, it is unnecessary that the officer subjectively believe that he has a basis for the arrest.' Cox v. State, 489 So.2d 612 (Ala.Cr.App.1985). The officer need not have enough evidence or information to support a conviction in order to have probable cause for arrest. Only a probability, not prima facie showing, of criminal activity is the standard of probable cause. Stone v. State, 501 So.2d 562 (Ala.Cr.App.1986). '[P]robable cause may emanate from the collective knowledge of the police....' Ex parte Boyd, 542 So.2d 1276, 1284 (Ala.1989) (citations omitted)."*

_____GIVEN_____REFUSED

**PLAINTIFF'S REASON FOR OBJECTION:  Whether the facts presented by Michael Clements to Lester Patrick in 2007 regarding Kelly's relationship with Plaintiff support probable cause to arrest Kelly for statutory rape or any other crime is not relevant to any issue to be decided by the jury.  The question is whether the facts presented required the City, through Chief Lester Patrick, to investigate further instead of doing nothing, thereby being deliberately indifferent to Plaintiff's constitutional rights.**

**DEFENDANT'S REASONING: This will be utilized to cross examine Michael Clements. Defendant requests a definition from the Court on probable cause. See Clements deposition.**