IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDRIA H. QUINN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-1033-ALB-SMD |
| | ) | |
| CITY OF TUSKEGEE, ALABAMA, | ) | |
| and LEVY KELLY, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Plaintiff Alexandria Quinn's "Motion to Hold Non-Party [Hayneville Police Department] in Contempt of Court." (Doc. 88). Plaintiff's Motion is based upon Hayneville Police Department's failure to comply with a subpoena issued by Plaintiff for "[a]ny and all documents, incident reports, and personnel files relating to the previous employee Levy Kelly." *See* (Doc. 80-1). For the reasons that follow, the undersigned RECOMMENDS that the Motion be GRANTED.

## I.    APPLICABLE LAW

Pursuant to 28 U.S.C. § 636(e)(6), if a magistrate judge determines that an act constitutes civil contempt, he shall:

> Forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

Federal Rule of Civil Procedure 45(g) provides that "[t]he court for the district where compliance [with a subpoena] is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Moreover, a district court has the inherent power and authority to punish a party for disobeying or resisting its orders. *See* 18 U.S.C. § 401(3). If a person is found to be in contempt, the court may impose sanctions. "[S]anctions in civil contempt proceedings may be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Local 28, Sheet Metal Workers' Int'l Ass'n v. EEOC,* 478 U.S. 421, 443 (1986) (internal quotations omitted).

In a civil contempt proceeding, the moving party must present "clear and convincing" evidence that the court's order was violated. *Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990) (citations omitted). "'This clear and convincing proof must also demonstrate that 1) the allegedly violated order was valid and lawful; 2) the order was clear, definite and unambiguous; and 3) the alleged violator had the ability to comply with the order.'" *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000) (citation omitted). When factual matters are not in dispute, an evidentiary hearing is not required prior to finding a person in contempt. *In re McLean*, 794 F.3d at 1324 (quoting *Mercer v. Mitchell*, 908 F.2d 763, 769 n.11 (11th Cir. 1990) ("When there are no disputed factual matters that require an evidentiary hearing, the court might properly dispense with the hearing prior to finding the defendant in contempt and sanctioning

2

him.").

## II.    CERTIFICATION OF FACTS[1]

On September 11, 2019, Plaintiff filed a Motion to Compel Production (Doc. 80) of documents she requested through a subpoena to non-party Hayneville Police Department ("HPD"). Specifically, Plaintiff's subpoena requested "[a]ny and all documents, incident reports, and personnel files relating to the previous employee [Defendant] Levy Kelly." (Doc. 80-1). In her Motion to Compel, Plaintiff's counsel averred that, despite speaking with the Chief of Police of the HPD on at least three occasions, the subpoenaed documents were not produced. (Doc. 80) at 1. Plaintiff attached the subpoena and proof of service to her Motion. *See* (Docs. 80-1, 80-2).

On September 15, 2019, the undersigned entered an Order (Doc. 81) directing non-party HPD to show cause, if any there be, why Plaintiff's Motion to Compel Production should not be granted. A return receipt card was received by the Court showing that Susie Smith received delivery of the Court's order on October 18, 2019. (Doc. 82). Non-party HPD did not respond to the Court's show cause order; therefore, the undersigned granted Plaintiff's Motion to Compel Production and ordered HPD to respond to the subpoena requiring production of the documents related to Defendant Kelly. *See* (Doc. 83).

Plaintiff served a copy of the Order upon non-party HPD, as directed by the undersigned. Susie Smith accepted service of the Order on behalf of HPD on November

---

[1] The following facts are not in dispute. Therefore, the undersigned does not recommend that a hearing with the District Judge be held prior to holding non-party HPD in contempt.

14, 2019. (Doc. 88-1) at 2. Nonetheless, HPD did not produce the requested documents or contact Plaintiff to attempt to resolve the outstanding requests. (Doc. 88) at 2. Thus, on December 18, 2019, Plaintiff filed a "Motion to Hold Non-Party [HPD] in Contempt of Court." *See* (Doc. 88).

On December 20, 2019, the undersigned entered an Order (Doc. 89) directing non-party HPD to show cause, if any there be, why Plaintiff's Motion to Hold Non-Party HPD in Contempt should not be granted. Susie Smith received the Order on behalf of HPD on December 16, 2019. *See* (Doc. 90). HPD did not respond to the undersigned's show cause order. After the time set for HPD's response elapsed, Plaintiff filed a "Notice of Contempt by Non-Party [HPD]" on January 14, 2020, indicating that, not only had HPD failed to respond to the Court's show cause order, but had still not provided Plaintiff with the materials requested in the subpoena. *See* (Doc. 91) at 1.

After Plaintiff's Notice was filed, the undersigned was informed that HPD complied with the subpoena at issue. Thus, the undersigned entered an Order directing Plaintiff to inform the Court if she intended to pursue the Motion for Contempt.[2] (Doc. 99). Plaintiff indicated that she intended to pursue contempt and that she was seeking, in the way of sanctions, attorney's fees and costs associated with her expenditures to secure the information sought in the subpoena. *See* (Doc. 101) at 1. The undersigned then afforded non-party HPD a second opportunity to show cause why the Motion for Contempt should not be granted and informed the parties that a hearing would be set at a later date, if

---

[2] A return receipt card indicates that HPD received a copy of the undersigned's Order on February 20, 2020. *See* (Doc. 102).

necessary. *See* (Doc. 103). Once again, HPD failed to respond to the undersigned's show cause order.

## III.   DISCUSSION

The undersigned finds that Plaintiff has shown, by clear and convincing evidence, that this Court's valid and lawful order was violated; that the order was clear, definite, and unambiguous; and that HPD had the ability to comply with the order. *See McGregor*, 206 F.3d at 1383. The undersigned's order granting Plaintiff's Motion to Compel ordered HPD "to respond to the subpoena duces tecum requiring production of '[a]ny and all documents, incident reports, and personnel files relating to the previous employee Levy Kelly' served on July 19, 2019." (Doc. 83). This language is clear, definite, and unambiguous. Notably, the language does not require production, but merely response, from HPD regarding Plaintiff's July 19th subpoena. However, despite a clear order to do so, HPD neither responded to Plaintiff regarding the subpoenaed information nor timely produced the information. Importantly, the undersigned was later informed, after Plaintiff filed a Notice of Contempt with the Court, that HPD eventually produced the subpoenaed information. This indicates that HPD had the ability not only to respond to Plaintiff regarding the requested information, but to produce the information set forth in the subpoena as well. Accordingly, the undersigned finds that Plaintiff has met her burden of showing, by clear and convincing evidence, that this Court's order was violated.

Non-party HPD was afforded two opportunities to advise the Court as to why it should not be held in contempt for failing to comply with Plaintiff's subpoena. It failed to do so either time. Importantly, in the first show cause order issued to HPD, the undersigned

stated: "**The undersigned notes that HPD has already failed to respond to an earlier show-cause order that led to this Court granting Plaintiff's Motion to Compel. (Doc. 83). HPD is warned that failure to comply with this directive will subject them to a contempt finding and subsequent sanctions.**" (Doc. 89) at 1 (emphasis in original). Despite a warning to HPD regarding possible contempt and sanctions, HPD did not respond at that time, nor did it respond to the undersigned's second show-cause order after HPD had complied with the subpoena. Such disregard for the undersigned's orders supports the undersigned's recommendation that HPD be held in contempt.

Because HPD ultimately complied with the subpoena in question, any sanctions awarded should be strictly compensatory in nature. *Local 28,* 478 U.S. at 443. Plaintiff has indicated that she will file specific documentation as required by the Court to support an appropriate award for attorney's fees and/or costs. (Doc. 101) at 1. If this Court ultimately accepts the undersigned's recommendation that HPD be held in contempt, the undersigned recommends that Plaintiff be required to submit evidence showing the precise amount of attorney time and expenses utilized to secure the information requested in the subpoena from HPD.

## IV.    CONCLUSION

For the reasons set forth more fully above, the undersigned RECOMMENDS that Plaintiff's Motion to Hold Non-Party [HPD] in Contempt of Court (Doc. 88) be GRANTED and that Plaintiff be awarded appropriate compensatory sanctions in the way of attorney's fees and costs.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before June 23, 2020. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Finally, it is

ORDERED that the Clerk of Court is DIRECTED to mail a copy of this Recommendation, via certified mail, to the Hayneville Police Department at the address listed in Document 80-2.

DONE this 14th day of July, 2020.


/s/ Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE