# IN UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **ALEXANDRIA H. QUINN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO. 3:14-cv-1033-WKW |
| | ) |
| **CITY OF TUSKEGEE ALABAMA,** | ) |
| And **LEVY KELLY,** | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFF'S RESPONSE TO CITY OF TUSKEGEE'S
### NOTICE TO COURT REGARDING COVID-19

**COMES NOW**, Plaintiff **ALEXANDRIA H. QUINN** (hereinafter "Plaintiff"), by and through her counsel of record, Algert S. Agricola, Jr., and Barbara H. Agricola with Agricola Law, LLC, and hereby files this Response to City of Tuskegee's Notice to Court regarding COVID-19 [Doc. 197]. In support thereof, Plaintiff states as follows:

1. Plaintiff and her counsel are disappointed to learn that opposing counsel's son has tested positive for COVID-19. Plaintiff's counsel are relieved to learn that other family members have tested negative.

2. Plaintiff prepared for this case at the previous trial setting for June 1, 2020 and incurred substantial financial expense as well as deep emotional pain from having to relive the facts of the case for the trial to be continued less than 12 hours before jury selection was set to begin.

3. As we are now less than two weeks away from getting this matter tried, Plaintiff has already incurred significant additional expenses in preparation for trial. Additionally, Plaintiff's counsel has again moved or canceled other matters to ensure that a jury will finally hear this case.

4. According to the new CDC Guidelines that are anticipated to be released on Tuesday, December 8, 2020, any individual who may have been exposed to COVID-19 should be tested immediately. Multiple sources as well as Plaintiffs own experiences have shown that tests which provide rapid results are free and widely available in the area.

5. In their new guidance, the CDC is reducing the quarantine time frame from 14 days **to 7 days** for individuals who have been exposed to COVID-19 yet continue to test negative for the virus. The guidance also lowers the quarantine time from 14 days to 10 days if the individual remains asymptomatic and has otherwise been unable to take a test to determine whether or not they are negative for the virus.

(*See* https://apnews.com/article/politics-pandemics-coronavirus-pandemic; last visited December 2, 2020).

6. Given the ongoing nature of the pandemic and the continuance from the previous June trial setting, Plaintiff's counsel has prepared for the possibility of a staff member or an attorney being exposed to COVID-19 and contracting the virus. Plaintiff's staff began implementing strict office protocols last month to decrease the likelihood of transmission within the office that go beyond typical guidance as well as limiting contact between Plaintiff's co-counsel to ensure that the Plaintiff will have counsel available to take this case to trial in less than two weeks.

7. Plaintiff's counsel has been preparing and are prepared to try this case individually and without the benefit of co-counsel as part of their pre-trial preparation strategy. Counsel on both sides of this matter have been directly involved with every aspect of this case and are capable advocates for their side should they need to handle this matter without the benefit of co-counsel.

8. Plaintiff cannot be further penalized in this matter. Plaintiff has been unable to move forward in her life because of this case. She has not even been able to move forward in the criminal trial that has been continued 8 times over the last 4 years.

9. Plaintiff lacks the financial resources that the Defendant can call upon for continued litigation. Further delay in resolution of this matter beyond the December 14, 2020 trial date will without question force the Plaintiff to have to consider whether or not she has the financial ability to continue litigating this matter.

10. Accordingly, Plaintiff requests that the trial go forward on December 14, 2020 regardless of Mr. Howard's presence, especially in light of Mr. Davis's and Ms. McKay's full ability to proceed.

11. Should the Court be presented with a motion to continue at a later date, Plaintiff respectfully requests that a hearing or phone conference is held between all Parties before any continuance is granted.

Respectfully submitted this 3d day of December, 2020.

/s/ *Barbara H. Agricola*

/s/ *Algert S. Agricola, Jr.*
Attorneys for Plaintiff Alexandria Quinn

**OF COUNSEL:**
AGRICOLA LAW, LLC
127 South 8th Street
Opelika, Alabama 36801
Telephone: 334.759.7557
Facsimile: 334.759.7558
barbara@agricolalaw.com
al@agricolalaw.com

3

## **CERTIFICATE OF SERVICE**

      I certify that on this day, December 3, 2020, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF system, which will send electronic notification of filing to counsel of record for Defendants. In addition, I served a copy of the foregoing by U.S. Mail, properly addressed with postage prepaid to the following unrepresented party:

Levy Kelly
160 Stone Park Blvd., Apt. 2409
Pike Road, AL 36063

Milton Carver Davis
Law Offices of Milton Carver Davis
PO Box 830509
Tuskegee, Alabama 36083
Phone: 334.727.6500
Email: mdavis@miltoncdavislaw.com

Rick Allen Howard
Holtsford, Gilliland, Higgins, Hitson, & Howard, PC
PO Box 4128
Montgomery, Alabama 36103
Phone: 334.215.8585
Email: rhoward@hglawpc.com

April Willis McKay
Holtsford, Gilliland, Higgins, Hitson, & Howard, PC
PO Box 4128
Montgomery, Alabama 36103
Phone: 334.215.8585
Email: amckay@hglawpc.com

                                        /s/ *Algert S. Agricola, Jr.*
                                        **OF COUNSEL**