## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| ALEXANDRIA H. QUINN, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 3:14-cv-1033-ALB |
| ) | |
| CITY OF TUSKEGEE, ALABAMA; ) | |
| former OFFICER LEVY KELLY, ) | |
| ) | |
|    Defendants. ) | |

### PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE [Doc. 219]

Comes Now Plaintiff Alexandria H. Quinn, by and through her counsel of record, Algert S. Agricola, Jr., Barbara H. Agricola, and Mallory K. Harper of Agricola Law, LLC, and files her reply to Defendant's response [Doc. 219] to Plaintiff's assertion that former Police Chief Lester Patrick is a final policymaker for certain decisions with supporting authorities and exhibits.

As this Court stated in its Memorandum Opinion and Order denying Defendant's motion for summary judgment,

> As expected, the City does not have a written policy authorizing the statutory rape of minors by its police officers. But based on the record, Plaintiff has presented substantial evidence to create a genuine issue of material fact as to whether the City was deliberately indifferent to her rights.
>
> Generally, "if the impropriety of an action 'is so obvious to all without training [or supervision],'" such as committing statutory rape, a city "may rely on the common sense of its [police officers] not to engage in ... criminal conduct." *Doe ex rel. Doe v. City of Demopolis*, 461 F.App'x 915, 917 (11th Cir. 2012).

> But "a pattern of known misconduct ... may be sufficient to change reasonable reliance [on common sense] into deliberate indifference." *Id.*
>
> Viewing the record in the light most favorable to Plaintiff, Plaintiff has presented evidence that the City was aware of Kelly's sexual misconduct with minors and failed to take any remedial action to stop it.

Memorandum Opinion and Order, Doc. 109, at 10-11.

First, it is clear that:

> ... the power to establish policy is no more the exclusive province of the legislature at the local level than at the state or national level. *Monell*'s language makes clear that it expressly envisioned other officials "whose acts or edicts may fairly be said to represent official policy," *Monell, supra,* 436 U.S., at 694 ..., and whose decisions therefore may give rise to municipal liability under § 1983.

*Pembaur v. Cincinnati*, 475 U.S. 469, 480 (1986).

Thus, while City Manager Al Davis can be said to have the power to establish city policy, final policymaking power can also reside in others whose acts or edicts may fairly be said to represent official policy. When a city official's decisions are "not subject to review," he or she has final policymaking authority with respect to those decisions. *Mandel v. Doe*, 888 F.2d 783, 792-94 (11th Cir. 1989). To accuse Plaintiff of conflating final decisionmaking authority with final policymaking authority in making this statement [*see*, Doc. 219, at 7] is to accuse the Eleventh Circuit of conflating the two concepts. Further, in *Pembaur v. Cincinnati*, 475 U.S. at 485, the Court stated:

> In ordering the Deputy Sheriffs to enter petitioner's clinic the County Prosecutor was acting as the final decisionmaker for the county, and the county may therefore be held liable under § 1983.

*Id.* Apparently, the Supreme Court got decisionmaking and policymaking conflated, too. The fact is that the City is confused by these concepts. Final decisionmaking authority is final policymaking authority. *Id.*

Next, without question, the decision of Chief Lester Patrick not to fire Levy Kelly, even when his subordinate officers recommended Levy Kelly's termination on at least two occasions, was not subject to review. Al Davis testified that he could only terminate a police officer on the recommendation of the Chief of Police. Al Davis Depo. p. 19, ll. 6-18. Regardless of what state law says about Al Davis's authority as City Manager, there is no room for doubt about how Al Davis administered his authority as City Manager. This custom articulated by Al Davis of only terminating police officers on the recommendation of the Chief of Police is a "practice that is so settled and permanent that it takes on the force of law." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). The testimony of Al Davis so clearly stated reflects a custom "deemed authorized by the policymaking officials because they must have known about it but failed to stop it." *Young v. City of Augusta, Ga. through DeVaney*, 59 F.2d 1160, 1172 (11th Cir. 1995) (quoting *Brown v. City of Ft. Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991)); *see also, Monell*, 436 U.S. at 690-91 (§ 1983 authorizes suit "for constitutional deprivations visited pursuant to governmental

'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels.").

Further, contrary to the City's statement that "this is not a 'single decision' [sic] case under *Pembaur* ..." [Doc. 219, at 4], this is, in fact, a "single-incident liability" case. This Court analyzed this case as a "single-incident liability" case, at least with respect to Plaintiff's excessive force claim against the City arising from her arrest on October 14, 2012. Memorandum Opinion and Order, Doc. 109, at 13-15.

In addition, "the City's decision to give Kelly the power of a police officer without appropriate supervision," embodied in Lester Patrick's final, unreviewable decision not to terminate Kelly, "even though it allegedly knew about Kelly's troubled relationship with Plaintiff," could be viewed as a decision in the course of law enforcement duties: a decision not to enforce the law against statutory rape (or at least a decision not to investigate whether statutory rape had occurred), no different from the county prosecutor's decision in *Pembaur* to order an unconstitutional search. Memorandum Opinion and Order, Doc. 109, at 14.

The problem with the City's argument is that its logical extension leads to complete insulation from municipal liability under § 1983, simply by intentionally keeping the City Manager uninformed. *See, City of St. Louis v. Praprotnik*, 485 U.S. 112, 132 (1988) Brennan, J., concurring in the judgment (criticizing plurality's reasoning as embracing a theory of municipal liability under § 1983, "... that ultimately would permit municipalities

4

to insulate themselves from liability for the acts of all but a small minority of actual city policymakers."). As Al Davis states in his affidavit:

> Under no circumstances was I aware that Levy Kelly and Alexandria Quinn were engaged in a sexual relationship and I did not disregard any risk of harm to Alexandria Quinn by ignoring this relationship. I was unaware of allegations of Levy Kelly having an unlawful relationship with any minors.

Doc. 219-2, at 2. There it is. Just keep any information from Al Davis about what was common knowledge in the Tuskegee Police Department and the City escapes § 1983 liability. Because Chief Lester Patrick's decision to retain Levy Kelly as a Tuskegee police officer was not subject to meaningful administrative review under the custom of the City of Tuskegee, Chief Lester Patrick should be deemed to be a policymaker for the City of Tuskegee. The jury should be so instructed.

Respectfully submitted this 2d day of April, 2021.

/s Algert S. Agricola, Jr
Algert S. Agricola, Jr.

/s Barbara H. Agricola
Barbara H. Agricola

/s Mallory K. Harper
Mallory K. Harper

**Of Counsel:**

**AGRICOLA LAW, LLC**
127 South 8th Street
Opelika, AL 36801
Phone:  334.759.7557
Fax:  334.759.7558
al@agricolalaw.com
barbara@agricolalaw.com
mallory@agricolalaw.com

## **CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF system, which will send electronic notification of filing to counsel of record for Defendant City of Tuskegee, Alabama.  In addition, I served a copy of the foregoing by U.S. Mail, properly addressed with postage prepaid to the following unrepresented party:

Levy Kelly
160 Stone Park Blvd., Apt. 2409
Pike Road, AL 36063

This the 2d day of April, 2021.

/s/ Algert S. Agricola, Jr.
AGRICOLA LAW, LLC
127 South 8th Street
Opelika, AL 36801
Phone:  334.759.7557
Fax:  334.759.7558
al@agricolalaw.com