IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALEXANDRIA H. QUINN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:14-cv-1033-ALB |
| | ) |
| CITY OF TUSKEGEE, ALABAMA; | ) |
| former OFFICER LEVY KELLY, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## FINAL JURY INSTRUCTIONS

**MEMBERS OF THE JURY:**

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

### General Instructions

In deciding the case, your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone. You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

Plaintiff Alexandria Quinn and the City of Tuskegee are represented by lawyers. Defendant Kelly has decided to represent himself and not to use the services of a lawyer. He has a perfect right to do this. Whether a party is represented by a lawyer or is representing himself should have no effect on your consideration of the case.

The fact that a governmental entity is involved as a party must not affect your decision in any way. A governmental entity and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental entity is involved, of course, it may act only through people as its employees; and, in general, a governmental entity is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental entity.

You must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything someone said during an opening statement or closing argument is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. I don't. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

You should also not be concerned about which party introduced evidence or asked a question of a witness.

### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

4

We heard some expert testimony in this case. When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## Fifth Amendment Privilege

Defendant Kelly has invoked his Fifth Amendment right not to testify. A witness has a right under the Fifth Amendment to the Constitution to decline to answer questions on the ground that giving honest answers to the questions may tend to incriminate him in a criminal prosecution. You may, but are not required to, infer from a witness's refusal to answer questions that the answer to the question would have been adverse to the witness's interest and the interest of any parties in the case who are closely associated with the witness. You should consider any inference you may choose to draw with all the other evidence in the case.

## Proof by Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff Alexandria Quinn to prove every essential part of her claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

## Violation of a Constitutional Right

In this case, Plaintiff Alexandria Quinn claims that Defendant Levy Kelly, while acting under color of law, intentionally committed acts that violated Plaintiff Alexandria Quinn's (1) constitutional right to be free from the use of excessive or unreasonable force during an arrest and (2) her constitutional right to be free from sexual assault by a law enforcement officer.

Under the Fourth Amendment to the United States Constitution, every person has the right not to be subjected to excessive or unreasonable force while being

arrested by a law enforcement officer—even though the arrest is otherwise made in accordance with the law.

Under the Fourteenth Amendment to the United States Constitution, every person has the right to be free from sexual assault by a law enforcement officer.

To prove that Defendant Kelly violated her constitutional rights, Plaintiff Quinn must prove each of the following facts by a preponderance of the evidence:

**First**: That Defendant Kelly violated Plaintiff Alexandria Quinn's Fourteenth Amendment right to bodily integrity or her Fourth Amendment right to be free from excessive force; and,

**Second**: That Defendant Kelly acted under color of law; and,

**Third**: That Defendant Kelly's actions caused Plaintiff Quinn's injuries.

A government official acts "under color" of law when he claims to be performing an official duty, but his acts are outside the limits of lawful authority and abusive in manner, or he acts in a way that misuses his power and is able to do so only because he is an official.

### **Liability of the City of Tuskegee**

Plaintiff Alexandria Quinn claims that the City of Tuskegee, which employed Defendant Kelly, is liable for violating her (1) constitutional right to be free from the use of excessive or unreasonable force during an arrest and (2) her constitutional right to be free from sexual assault by a law enforcement officer.

7

You should consider whether the City of Tuskegee is liable only if you find that Defendant Kelly violated one or more of Plaintiff Quinn's constitutional rights.

The City of Tuskegee is not liable for violating Plaintiff Quinn's constitutional rights simply because it employed Defendant Kelly. Rather, the City is liable only if Plaintiff Quinn proves that (1) an official policy or custom of the City directly caused her injuries or (2) the City failed to adequately supervise its officers and that this failure caused Defendant Kelly to violate Plaintiff Quinn's constitutional rights.

### 1. "Policy" or "Custom"

Plaintiff Alexandria Quinn claims that the City of Tuskegee is liable because its official policy or custom was the moving force behind her injuries.

An "official policy or custom" means:

(a) A rule or regulation created, adopted, or ratified by the City of Tuskegee; or

(b) A policy statement or decision made by the City of Tuskegee's policy-maker; or

(c) A practice or course of conduct that is so widespread that it has acquired the force of law—even if the practice was not formally approved.

You may find that an "official policy or custom" existed if there was a practice that was so persistent, widespread, or repetitious that the City of Tuskegee's policy-maker either knew of it or should have known of it.

8


During the relevant time period, City Manager Al Davis was the City of Tuskegee's "policy-maker."

### 2. Failure to Supervise

Alternatively, Plaintiff Quinn also claims that the City of Tuskegee is liable for failing to adequately supervise its officer and that this failure caused Defendant Kelly to violate her constitutional rights.

To succeed on this claim, Plaintiff Quinn must prove each of the following facts by a preponderance of the evidence:

**First**: That Defendant Levy Kelly violated Plaintiff Alexandria Quinn's Fourteenth Amendment right to bodily integrity and/or her Fourth Amendment right to be free from excessive force.

**Second**: That Defendant Levy Kelly was not adequately supervised;

**Third**: That the City's policy-maker knew based on at least one earlier instance of unconstitutional conduct materially similar to Defendant Levy Kelly's violation of Plaintiff Alexandria Quinn's constitutional rights that additional supervision was needed to avoid a violation of Plaintiff Alexandria Quinn's Fourteenth Amendment right to bodily integrity or her Fourth Amendment right to be free from excessive force likely recurring in the future; and

**Fourth**: That the City's policy-maker made a deliberate choice not to provide additional supervision to Defendant Levy Kelly.

During the relevant time period, City Manager Al Davis was the City of Tuskegee's "policy-maker."

## Damages

I am now going to instruct you on how to determine damages. Of course, the fact that I am giving you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail against the Defendants. For legal reasons that you don't need to worry about, I have already ruled that Mr. Kelly is liable in some respects. So I need you to answer questions about damages no matter how you decide the other issues in the case.

In assessing damages, you should determine the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Plaintiff Alexandria Quinn's damages—no more, no less. You must not impose or increase these compensatory damages to punish or penalize Defendant Levy Kelly or Defendant City of Tuskegee. And you must not base these compensatory damages on speculation or guesswork. But compensatory damages are not restricted to actual loss of money—they also cover the physical aspects of an injury. Plaintiff Alexandria Quinn does not have to introduce evidence of a monetary value for intangible things like physical pain. You must determine what amount will fairly

compensate her for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that Plaintiff Alexandria Quinn has proved them by a preponderance of the evidence, and no others:

(a) Plaintiff Alexandria Quinn's physical injuries, including ill health, physical pain and suffering, and discomfort, including such physical harm that Plaintiff Alexandria Quinn is reasonably certain to experience in the future; and

(b) Plaintiff Alexandria Quinn's mental and emotional distress, impairment of reputation, and personal humiliation, including such mental or emotional harm that Plaintiff Alexandria Quinn is reasonably certain to experience in the future.

### Duty to Deliberate

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that

you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

It is important that you all discuss the case together. So do not break up into smaller groups to discuss the case. And do not continue to discuss the case if one of your number is absent.

### Election of Foreperson and Process of Deliberations

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience. There is only one official copy, which I will give you when you leave here, but you each have a personal copy labeled "draft" so you can review it during your deliberations.

[Explain verdict form]

Take the official copy of the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the official form, sign it and date it. Then let the courtroom security officer know that you have a verdict. We will then return to court. When we return to court, I will make sure your verdict is unanimous and read it to the parties in the case.

If you make an error writing on the official verdict form and need a new copy, let us know and we can destroy the old one and give you a clean copy.

If you want to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom.

Often, when jurors first begin deliberating, they have questions that they want to ask the judge. But the process of deliberation means that you should talk to each other and try to answer most questions for yourselves based on the law in these instructions and the evidence from trial. Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

If you do have a question for me, please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you never to tell me how many jurors have voted one way or the other. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

After you begin your deliberations, you are in charge of your own schedule. You can decide how long you work each day and when you start and stop. Just please let a court employee know when you want to take breaks and what your plans are so we can keep track of you. You may now begin your deliberations.